UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TRUSTEES of the LOCAL 813 INSURANCE TRUST :
FUND, :
 :
                                      Plaintiffs,      :       No.: _____
 :
            - against - :
 :
L.U. TRANSPORT, LLC, :
 :
                                      Defendant.     :
 :
-----------------------------------------------------------------------X

## **COMPLAINT**

Plaintiffs, the Trustees (the "Trustees") of the Local 813 Insurance Trust Fund (the "Insurance Fund"), by and through their undersigned counsel, bring this action against Defendant L.U. Transport, LLC (the "Company"), and allege as follows:

### I. INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover contributions owed by the Company for those of its employees who performed covered work under the terms of its collective bargaining agreement.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover from the Company those contributions that were due and owing to the Fund, as well as accrued interest, liquidated damages, and attorneys' fees and costs.

### II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Company because it does business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District and because the Company does business in this District.

### III. PARTIES

6. The Fund is a jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with the Taft-Hartley Act § 302(c)(5)-(6), 29 U.S.C. § 186(c)(5)-(6); an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1); and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145. The Fund is administered from 48-18 Van Dam Street, Suite 201, Long Island City, New York 11101-3107.

7. Plaintiffs, the Trustees, bring this action in their capacities as fiduciaries of the Fund pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. The Company is a for-profit limited liability company organized under the laws of the State of Illinois having a principal place of business at 2648 West 50th Street, Chicago, Illinois 06032 and a local facility at 75 Thomas Street, Brooklyn, New York 11222, and is an employer within the meaning of ERISA §§ 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301, 29 U.S.C. § 185.

## IV. BACKGROUND

9. The Company is party to a collective bargaining agreement (the "CBA") with Local Union No. 813, International Brotherhood of Teamsters (the "Union"), with respect to which the Fund is a third-party beneficiary.

10. Pursuant to the terms of the CBA in effect from January 1, 2015 to October 28, 2016, the Company agreed to remit contributions to the Fund on behalf of those employees who performed work covered by the CBA, and to be bound by the CBA and the Fund's organizing trust agreements and procedures.

11. Following an audit of the Company's books and records, the Fund's auditor determined that the Company failed to pay $11,055.00 in contributions for several employees who performed covered work within the meaning of the CBA from January 1, 2015 through October 28, 2016. According to the audit, as revised, the Company owed the Fund $11,055.00 in unpaid contributions, as well as liquidated damages and interest totaling $4,278.36. To date, the Company has failed to pay this amount.

12. Pursuant to the terms of the CBA in effect from October 29, 2016 to March 31, 2017, the Company also agreed to remit contributions to the Fund on behalf of those employees who performed work covered by the CBA unless it chose to "opt out" of these provisions.

13. On or about September 10, 2018, the Fund informed the Company that it had underpaid the contributions due for the months of January and February 2017, and that it owed $924.00 in unpaid contributions to the Fund. At no point did the Company "opt out" of the obligation to contribute to the Fund during this period, and to date, the Company has failed to pay the amounts owed.

## COUNT I

### Violation of ERISA § 515, 29 U.S.C. § 1145

14. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

15. ERISA § 515, 29 U.S.C. § 1145 requires employers to pay contributions to the Fund in accordance with the terms and conditions of the applicable collective bargaining agreement.

16. The Company breached its obligations under the CBA and ERISA § 515, 29 U.S.C. § 1145 when it failed to remit $11,055.00 in contributions for certain employees who performed covered work within the meaning of the CBA from January 1, 2015 to October 28, 2016.

17. The Company further breached its obligations under the CBA and ERISA § 515, 29 U.S.C. § 1145 when it failed to remit $924.00 in contributions for certain employees who performed covered work within the meaning of the CBA in January and February 2017.

18. Plaintiffs, the Trustees of the Fund, demand judgment against the Company for $11,979.00 for contributions due and owing under the CBA, as well as statutorily prescribed interest, liquidated damages, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

Dated: November 16, 2018    **PROSKAUER ROSE LLP**

By:     */s/ Neil V. Shah*
            Neil V. Shah

One Newark Center
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

Anthony S. Cacace
Eleven Times Square
New York, NY 10036
(212) 969-3307
acacace@proskauer.com

*Counsel for the Plaintiffs*